UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CIVIL ACTION NO. 2010-102 (WOB)**

**FRATE, INC.**                                                          **PLAINTIFF**

VS.                 **MEMORANDUM OPINION AND ORDER**

**ASSOCIATED GLOBAL SYSTEMS, INC.**                  **DEFENDANT**

This matter is before the court on defendant's motion to dismiss (Doc. #10) and plaintiff's motion for an extension of time to complete discovery (Doc. #16).

The court heard oral argument on these motions on Monday, October 18, 2010. Richard J. Rinear represented the plaintiff, and Jon Woodall and Daniel Luke Morgan represented the defendant. Also present was Wayne Truman on behalf of the plaintiff. Official court reporter Joan Averdick recorded the proceedings.

*Factual and Procedural Background*

Defendant Associated Global Systems, Inc. ("AGS") is a global logistics company. Plaintiff Frate, Inc. ("Frate") is a freight transportation company doing business in Erlanger, Kentucky.

On October 18, 1999, AGS and Frate entered into an agency contract ("Agreement") whereby AGS appointed Frate its exclusive sales and operations agent in portions of Ohio and Kentucky. This Agreement contains an arbitration clause and, pertinent

here, a forum selection clause, which states:

> The parties agree that neither shall commence litigation against the other arising out of this Agreement or the termination thereof except in a court located in the State of New York.  Each party consents to jurisdiction over it by such court.

(Doc. 10-2 at 13)

Disputes between the parties arose and, on August 15, 2007, Frate filed an arbitration complaint with the American Arbitration Association, resulting in an award to Frate of $176,902.00.

On April 6, 2010, Frate filed this action in Boone County, Kentucky alleging a breach of contract involving certain commissions owed under the Agreement which, for reasons not relevant to the present motions, were not dealt with in the arbitration.  The case was timely removed to this court on the basis of diversity of citizenship.

Defendant has moved to dismiss or transfer on the basis, inter alia, of the forum selection clause.

### *Analysis*

A forum selection clause should be upheld absent a strong showing that it should be set aside.  *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) (citation omitted).  When evaluating the enforceability of a forum selection clause, the court looks to the following factors: (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2)

whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust. *Id.* (citing *Sec. Watch, Inc. v. Sentinel Sys., Inc.,* 176 F.3d 369, 375 (6th Cir. 1999)). The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced. *Id.* (citing *Shell v. R.W. Sturge, Ltd.,* 55 F.3d 1227, 1229 (6th Cir. 1995)).

Plaintiff has made no showing under any of these three factors for non-enforcement of the simple and clear forum selection clause contained in its agreement with AGS. Instead, plaintiff argues that, because the agreement has been breached and/or terminated, the clause should not be enforced. Plaintiff cites no authority to support such a result.

Moreover, the clause expressly covers disputes arising out of the Agreement "or the termination thereof." There is no contention but that the commission payments now at issue are due, if at all, by virtue of the Agreement. Plaintiff's claims thus fall squarely within the ambit of the forum selection clause. That being the case, the court need not reach defendant's other arguments.

Therefore, having reviewed this matter, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that: (1) defendant's motion to dismiss (Doc. #10) be, and is hereby, **GRANTED**, and this matter be, and is hereby, **TRANSFERRED TO THE UNITED STATE DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**; and (2) plaintiff's motion for an extension of time to complete discovery (Doc. #16) be, and is hereby, **DENIED AS MOOT**.

This 19th day of October, 2010.



Signed By:
William O. Bertelsman WOB
United States District Judge

TIC: 15 min.